UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY DARNELL COBB,
        Plaintiff,

v.                                    Case No. 21-CV-424

DR. JOSEPH MCLEAN, et al.,
        Defendants.

## DECISION AND ORDER

**1. Background**

Larry Darnell Cobb, who is also known as Larry Gibson, filed this action on April 2, 2021. (ECF No. 1.) He alleges that various officials violated his rights under the Eighth Amendment when they deprived him of prescribed seizure medication for 30 days in early 2018, which resulted in him suffering a severe seizure and injuring his head and back. (ECF No. 5 at 4.) This is the second suit he filed related to these events. (ECF No. 45, ¶ 6.) Chief Judge Pamela Pepper dismissed a prior suit on September 24, 2020, because Cobb had failed to exhaust his administrative remedies. *Gibson v. Chester*, No. 19-cv-45-pp, 2020 U.S. Dist. LEXIS 175143 (E.D. Wis. Sep. 24, 2020); (ECF No. 45, ¶ 9.)

After dismissal of that action, Cobb filed two new inmate complaints. (ECF No. 45, ¶¶ 10, 11, 13; *see also* ECF Nos. 39-4 at 6-11; 39-5 at 8-13.) The institution complaint

examiner rejected both complaints because they were filed years beyond the 14-day filing deadline. (ECF No. 45, ¶¶ 12, 14; *see also* ECF Nos. 39-4 at 2-4; 39-5 at 1-6); Wis. Adm. Code. DOC § 310.07(2) ("An inmate shall file a complaint within 14 days after the occurrence giving rise to the complaint. At the discretion of the ICE, a late complaint may be accepted for good cause. An inmate shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing.").

The defendants seek dismissal of the present action pursuant to Fed. R. Civ. P. 56 because, by filing his inmate complaints too late, Cobb has again failed to exhaust his administrative remedies. (ECF Nos. 36, 42.) All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 4, 8, 27, 33), and the motion for summary judgment is ready for resolution.

## 2. Summary Judgment Standard

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

3. **Exhaustion Under the Prison Litigation Reform Act**

A prisoner must exhaust his administrative remedies before pursing an action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Because exhaustion is an affirmative defense, the defendants bear the burden to prove it by a preponderance of the evidence. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

"Exhaustion requires complying with the rules applicable to the grievance process at the inmate's institution." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005).

3

This includes complying with administrative rules regarding the timely filing of grievances. *Id.*; *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). Only if the institution excuses the inmate's untimeliness and proceeds to consider the merits of his grievance may the court find that an inmate has exhausted his administrative remedies. *Conyers*, 416 F.3d at 584.

4. **Cobb's Argument**

Following the defendants' reply, Cobb withdrew nearly all of the substantive arguments he offered in opposition to the defendants' motion. (ECF No. 54 (withdrawing Section VI of ECF No. 44 at 8-10).) Cobb's only remaining arguments are that the court should order discovery and hold an evidentiary hearing before deciding the motion. In relevant part he states:

> Cobb contests the State Defendants' position that he failed to exhaust his administrative remedies. Cobb contests the State Defendants' position that he failed to exhaust his administrative remedies. In the event the Court is inclined to dismiss any of the moving defendants based on the State's most recent request for summary judgment, plaintiff's counsel should first be given the opportunity to conduct limited discovery and/or amend the pleadings to conform to the proofs considering no discovery has been allowed and all complaints thus far were drafted by a *pro se* prisoner.
>
> The Seventh Circuit has instructed that when exhaustion is contested, the district court is to "conduct[ ] a hearing on exhaustion and permit[ ] whatever discovery relating to exhaustion (and only to exhaustion) he deems appropriate." Citing, *Pavey v. Conley*, 528 F.3d 494, 497–98 (7th Cir.2008); *McCarroll v. Marberry*, No. 209-CV-94-WTL-JMS, 2010 WL

> 1257492, at *2 (S.D. Ind. Mar. 24, 2010). Cobb requests that limited discovery be allowed and an evidentiary hearing on exhaustion be scheduled in accord with the 7th Circuit requirements.

(ECF No. 44 at 2 (footnotes omitted).)

5. **Analysis**

To persuade the court that an evidentiary hearing should be held a plaintiff must do more than simply assert that he contests the defendants' position that he failed to exhaust his administrative remedies. *See Henderson v. Jess*, No. 21-1585, 2022 U.S. App. LEXIS 15378, at *8 (7th Cir. June 3, 2022) (holding that the plaintiff was not entitled to a hearing because he "did not dispute any specific facts in the defendants' summary judgment materials; he made only a blanket assertion that the affidavits conflicted"). An evidentiary hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), is appropriate only when there exists "debatable factual issues relating to the defense of failure to exhaust administrative remedies." *Id.* at 740. If it is apparent from the parties' written submissions that the plaintiff has not exhausted his administrative remedies, there is no need for a hearing. *Wagoner v. Lemmon*, 778 F.3d 586, 588 (7th Cir. 2015); *see also Mason v. Bullock*, No. 22-1792, 2023 U.S. App. LEXIS 5653, at *7 (7th Cir. Mar. 9, 2023) (unpublished) ("because the parties' written submissions did not suggest any fact dispute, the district court was not required to hold a *Pavey* hearing"); *Gaines v. Prentice*, No. 21-1588, 2022 U.S. App. LEXIS 17662, at *6 (7th Cir. June 27, 2022) (unpublished);

*Gakuba v. Pannier*, No. 21-1961, 2022 U.S. App. LEXIS 14987, at *5 (7th Cir. June 1, 2022) ("No such hearing was required because the ruling relied on undisputed facts ….").

The only factual disputes Cobb identifies relate to whether he filed one of his complaints on January 26, 2021, or February 8, 2021 (ECF No. 45, ¶ 13), and whether he appealed the institution complaint examiner's denial of his two complaints (ECF No. 45, ¶¶ 8, 14). But he has not explained why he believes the filing date is material. Whether he filed a complaint on January 26, 2021, or roughly two weeks later, it was filed years after the 14-day deadline. As to whether he appealed, he argues that, because he appealed the institution complaint examiner's denials, he exhausted his administrative remedies and he can proceed with his complaint. (ECF No. 44 at 5-6.)

Because an inmate who fails to appeal a complaint examiner's decision fails to exhaust his administrative remedies, *see, e.g.*, *Braithwaite v. Leffler*, No. 21-cv-425-wmc, 2023 U.S. Dist. LEXIS 117194, at *5 (W.D. Wis. July 7, 2023) (citing *Pozo*, 286 F.3d at 1025), ordinarily a *Pavey* hearing would be required to resolve the factual dispute over whether an inmate appealed, *see, e.g.*, *Sheppard v. Korus*, No. 22-cv-0902-bhl, 2023 U.S. Dist. LEXIS 162088, at *1 (E.D. Wis. Sep. 13, 2023). But whether Cobb appealed is immaterial to the defendants' exhaustion defense. It is not because he failed to appeal that the defendants argue Cobb failed to exhaust his administrative remedies; they argue Cobb failed to exhaust his administrative remedies because he did not file his complaints within 14 days of the incident.

As to that crucial fact there is no dispute. Cobb's claim accrued on April 5, 2018, when he suffered a seizure allegedly due to the defendants having denied him his seizure medication. (ECF No. 45, ¶ 6.) He was required to file any inmate complaint regarding that incident within 14 days. Wis. Adm. Code. DOC § 310.07(2). Cobb did not file his relevant inmate complaints until early 2021. (ECF No. 45, ¶¶ 11, 13.)

Because Cobb's complaints were untimely and the complaint examiner rejected them on that basis without considering their merits, Cobb has failed to exhaust his administrative remedies. *Tallman v. Gugler*, No. 22-cv-1011-pp, 2023 U.S. Dist. LEXIS 159984, at *23 (E.D. Wis. Sep. 11, 2023) ("An untimely complaint does not exhaust the incarcerated person's administrative remedies.") (citing *Conyers*, 416 F.3d at 584); *see also Pozo*, 286 F.3d at 1025; *Sheppard*, 2023 U.S. Dist. LEXIS 162088, at *8-9 ("Ordinarily, a complaint that is rejected for procedural reasons, rather than dismissed after a determination on the merits, does not exhaust a prisoner's administrative remedies." (brackets omitted)) (quoting *Durley v. Kacyon*, No. 21-cv-154-pp, 2022 U.S. Dist. LEXIS 196998, at *17 (E.D. Wis. Oct. 29, 2022)).

With these facts undisputed, there is no need for a hearing. *See Jackson v. Vernon Cty.*, No. 22-3225, 2023 U.S. App. LEXIS 18040, at *4 (7th Cir. July 17, 2023) (rejecting plaintiff's argument that district court should have held an evidentiary hearing stating, "Even if we accept all his assertions as true, nothing in the record suggests that the grievance process was unavailable, so no *Pavey* hearing was warranted.") And without

7

any hint that discovery will uncover any material inconsistent evidence, there is no basis to order further discovery.

The defendants have demonstrated that there is no genuine dispute of material fact as to plaintiff's failure to exhaust and they are entitled to judgment as a matter of law. Accordingly, the court will grant their motion for summary judgment. *See* Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Although this dismissal will be without prejudice, Cobb "would likely find it impossible to file a proper grievance now because the relevant events happened so long ago and because prison officials already denied his most recent grievance as untimely." *Henderson v. Radtke*, No. 21-cv-562-jdp, 2023 U.S. Dist. LEXIS 72696, at *6-7 (W.D. Wis. Apr. 25, 2023) (citing *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004)).

**IT IS THEREFORE ORDERED** that the motion for summary judgment filed by defendants Dmitriy Chester, David Firkus, Quianna McBride, Kesha Packer, and Jennifer Vaughn (ECF No. 36) and joined by defendants Joseph McLean (ECF No. 42, and Text Only Order of June 12, 2023) and Katie Kropidlowski (ECF Nos. 52; 53), is **granted**. Larry Darnell Cobb's complaint and this action are **dismissed without prejudice**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 28th day of November, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge